By the Court.
Sandfobd, J.
We agree fully with the counsel for John Doughty’s representatives, that on the execution of Isaac Doughty’s indemnity bond in 1837, he became the principal debtor for the amount of the Dikeman mortgage, and John D. was thereafter, his surety. As the facts were at that date, on a foreclosure of the mortgage, the whole of Isaac D.’s four lots on 121st-street, would have been ordered to be sold before resorting to the land mortgaged by John. — And if the latter had taken the precaution to record the bond of indemnity, as being what it really was, an equitable mortgage on Isaac’s lots for the payment by him of John’s half of the mortgage debt, the difficulty now presented would never have arisen. The same result would have been attained, by taking and recording a direct mortgage from Isaac, with a condition to pay and discharge the Dikeman mortgage.
But upon the unrecorded bond of indemnity, this right of John as against the land of Isaac was a mere equity, which *465 could not avail him against subsequent purchasers for a valuable consideration, in good faith, without notice of its existence. Hoyt and Tillinghast became such purchasers, by the mortgage executed to them by Isaac Doughty in 1845, and there is no sufficient evidence that they had any notice of the equity by which the Dikeman mortgage was' to be paid by him. That mortgage, upon its face, was the joint and equal debt of both Isaac and John; and notice that it was, or had become otherwise, must be proved against the subsequent mortgagees. The testimony about figuring up the amount due on the 121st-street property, is altogether too slight to warrant us in inferring notice of this equity; especially when Isaac Doughty, who was examined as a witness for John’s representatives, could not remember that he gave any information of it to those mortgagees.
As to Amanda Eels, the third mortgagee, there is no pretence of notice to her in any form. She also was a purchaser for value, having surrendered some judgments against Isaac Doughty on the faith of the mortgage, and John D.’s equity cannot stand against her legal right thus acquired.
The subsequent mortgagees do not ask to have the securities marshaled in their favor. They do not claim to charge the whole Dikeman mortgage upon John D.’s land. They simply require that it shall be collected, as by its terms it was originally collectible, one half from each of the mortgage debtor’s lands. It is John Doughty’s representatives who seek to marshal the mortgages, by throwing the whole burthen of that mortgage on the lands of Isaac Doughty. This they are not entitled to do, because it would interfere with the rights of subsequent purchasers for value without notice of their equity.
The order appealed from is right, and it must be affirmed.